OPINION OF THE COURT
Allan L. Winick, J.
Defendant moves to set aside his sentence pursuant to CPL 440.20 and to be resentenced on the ground that it was illegally imposed as a result of section 70.00 of the Penal Law being amended prior to imposition of the sentence.
On March 4, 1980 the defendant pleaded guilty to the crime of grand larceny in the third degree, a class E felony and on April 8, 1981, over a year later, was sentenced to serve an indeterminate term of not to exceed four years, with no minimum term specified.
In 1980 the Legislature had enacted an amendment to section 70.00 of the Penal Law, effective September 1, 1980, under the terms of which paragraph (b) of subdivision 3 was amended to provide for a minimum term of imprisonment of one year but not more than one third of the maximum term imposed.
The defendant now moves for resentencing on the ground that his sentence was erroneous in that he should have been sentenced under the law in effect on April 8, *548 1981 rather than under the law in effect on the date he pleaded guilty to the crime for which he was sentenced, March 4, 1980.
He does this in the hope that the sympathetic situation he now presents to this court will result in a new sentence which will enable him to be freed of his present incarceration by a sentence to time served under the provisions of subdivision 4 of section 70.00 of the Penal Law.
The purpose of the amendment to section 70.00 of the Penal Law was to provide a minimum term of imprisonment fixed by the court rather than to have the term fixed by the Parole Board. The feeling was that the Judge imposing sentence would be more responsive to the community involved than the Parole Board sitting at some distance.
CPL 440.20 (subd 1) does permit resentencing when a sentence is illegally imposed. But this is not the case here. Rather we are concerned with a statute the defendant claims should be given retroactive application which would then create the illegality.
The Legislature, however, was silent as to the retroactivity of the change in section 70.00 of the Penal Law.
The rule set forth in People v Oliver (1 NY2d 152) concerning retroactivity of criminal statutes with regard to sentences, basically is that retroactivity would be applied to changes which ameliorate sentences, but not to those where sentences were increased.
I find that the fixing of a minimum sentence at one third of the maximum is a greater punishment than a sentence fixing no minimum for the same applicable maximum. In the instant case, the Parole Board fixed a minimum of 15 months. If I was to apply the standard under the revised statute, I would be increasing the sentence by one month to 16 months, which is one third of the maximum of his present sentence as set originally by the court. Thus, standing alone, it would be inequitable and unconstitutional in this situation to retroactively apply the new standard. By increasing this defendant’s sentence, I would be faced with an ex post facto situation which would violate a basic constitutional right of the defendant. Therefore, I *549 am precluded from modifying this sentence to provide a fixed minimum.
In a recent case, Matter of Schwimmer (NYLJ, Sept. 2, 1982, p 12, col 1), the same problem arose. In that case, the Judge decided that the statute should be retroactively applied. But in the Schwimmer case, the net result was that the defendant’s sentence was reduced to conform with the statute. The minimum sentence in that case was less than the minimum sentence which had been fixed by the Parole Board. In the instant case, the Parole Board set a minimum sentence that was lower than what the defendant would have received if he was sentenced under the amended statute.
The enigma is apparent. The Legislature was silent as to retroactivity. The ruling in Oliver (supra), properly causes one court to apply the amendment retroactively and the other prospectively. Yet each appears to be correct.
There was no error by the sentencing court in this case in applying the law as it was on the date the offense was committed and sentencing accordingly.
I also might add that this sentence was already reviewed by the Appellate Division after the effective date of the statute. The sentence was unanimously affirmed on February .22, 1982. I am actually put into a position of being asked to review the Appellate Division’s affirmance of the sentence, as well as the original lower court’s determination.
There being no error nor any ground for resentence, the motion is, therefore, denied.